UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CURTIS HALL,

    Plaintiff,

v.                                        Case No:   6:14-cv-1467-Orl-31TBS

JANNA MARIA'S, INC.; LIZ COLICCHIO;
and JANNA MARIA COLICCHIO,

    Defendants.

## REPORT AND RECOMMENDATION

This case comes before the Court on Plaintiff's Motion Entry of Default Final Judgment against Defendant, Liz Colicchio (Doc 18). After due consideration I respectfully recommend that the motion be denied.

### I. Background

Plaintiff alleges that in or about August 15, 2013, he became employed by Defendant Janna Maria's, Inc. (the "Company") as a full-time dishwasher earning $8 per hour (Doc. 1, ¶¶ 14-15). Defendant Liz Colicchio is the president and day-to-day operator of the Company (Id., ¶ 6). She was also Plaintiff's direct supervisor (Id.). The Company failed to pay Plaintiff for the work he performed from mid-February 2014 until May 24, 2014 (Id., ¶ 16). On May 7, 2014, Liz Colicchio signed a paper stating that Plaintiff would receive a paycheck on or before May 16, 2014 (Id., ¶ 17). The payment was not made (Id., ¶ 19). On July 7, 2014, counsel for Plaintiff sent the Company a demand letter in care of Liz Colicchio (Doc. 1-2). The letter stated Plaintiff's intent to file a lawsuit unless $5,000 was paid to settle the claim (Id.). Despite demand, Plaintiff has not been paid (Doc. 1, ¶ 19).

Plaintiff filed a three count complaint against the Company, Liz Colicchio, and her daughter, Janna Maria Colicchio (Doc. 1).   Count one is an action for non-payment of minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, *et seq.*[1], count two is a claim under the Florida Minimum Wage Act ("FMWA"), Chapter 448, Florida Statutes, and count three is for unjust enrichment under Florida common law (Doc. 1).

A summons and copy of the complaint were served on Liz Colicchio on February 27, 2015 (Doc. 14).   She has not filed any pleadings or papers and on March 25, 2015, a clerk's default was entered against her (Doc. 16).   Plaintiff failed to serve the remaining Defendants and on May 28, 2015, the Court dismissed this action against the Company and Janna Maria Colicchio without prejudice (Doc. 19).

In his motion for entry of default judgment, Plaintiff calculates his damages under the FLSA at $3,654 based upon the minimum wage in effect when the claim arose ($1,827 in actual damages plus $1,827 in liquidated damages) (Doc. 18 at 3-4).   On his FMWA claim he calculates $4,032 in damages based upon his agreed wage of $8 per hour ($2,016 in actual damages plus $2,016 in liquidated damages) (Id.).   The motion seeks the entry of final judgment on the FMWA claim (Id. at 4).

## II. Discussion

The entry of a default by the clerk does not necessarily require the court to enter a default judgment.   DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala.

---

[1] Subject to certain exceptions not applicable here, the FLSA requires employers to pay workers at least the federal hourly minimum wage.   29 U.S.C. § 206.   It also establishes a standard 40-hour work week and requires employers to pay workers 1 ½ times their regular hourly rate for hours worked in excess of 40 during a given week.   29 U.S.C. § 207.   The FLSA's civil remedies provision gives a private right of action to workers affected by employers' violation of the FLSA's minimum wage, maximum hour, and anti-retaliation provisions.   29 U.S.C. § 216(b).

2005). Along with the requirement that the clerk's entry of default be proper, the Court may enter a default judgment only if the complaint sufficiently alleges a basis for default judgment. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] Before the Court will enter judgment pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought. DIRECTV, Inc., 359 F. Supp. 2d at 1206. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu, 515 F.2d at 1206.

Plaintiff has not adequately pled a cause of action for violation of the FLSA. To state a claim under the FLSA, a plaintiff must show that (1) the plaintiff was an employee of the defendant; (2) either the plaintiff was engaged in commerce or in the production of goods for commerce, or the plaintiff was employed by an enterprise engaged in commerce or in the production of goods for commerce; and (3) the defendant failed to pay plaintiff either minimum wage or overtime pay required by the FLSA. "'Commerce' means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b). An "enterprise" consists of "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose." 28 U.S.C. § 204(r)(1). An enterprise is "engaged in commerce or in the production of goods for commerce" when it (1) has annual gross volume of sales made or business done of at least $500,000 and (2) has employees who engage in commerce;

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

engage in the production of goods for commerce; or handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1)(A).

To state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction...; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought." FED. R. CIV. P. 8(a). Rule 8(a)(2) requires the plaintiff to "show[]" that she is entitled to relief, a mere "blanket assertion[] of entitlement to relief" will not do. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 n. 3 (2007). To survive dismissal under Rule 12(b)(6), the plaintiff must plead facts which, "accepted as true, 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

A claim is "plausible on its face" when its factual content permits a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In evaluating a complaint under this standard, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. Id.; Ironworkers Local Union 68 v. AstraZeneca Pharmaceuticals, LP, 634 F.3d 1352, 1359 (11th Cir. 2011). Legal conclusions devoid of any factual support are not entitled to an assumption of truth. Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citing Iqbal, 556 U.S. at 679).

Plaintiff has failed to adequately plead the basis for enterprise coverage under the FLSA. He asserts that "Defendants are engaged in interstate commerce because they engage in financial transactions, conduct business utilizing interstate lines of communication, use interstate products, and have a gross volume of sales in excess of $500,000.00." (Doc. 1, ¶ 5). What counts under the FLSA is not the aggregated sales

or activities–whether or not related to the common business purpose–of the individual defendants, but the sales and activities of the "enterprise."  See 29 U.S.C. § 203(s). Even if Plaintiff's reference to "defendants" can be construed as an allegation about their common enterprise, Plaintiff's conclusions about the enterprise's sales and activities are not supported by allegations of fact and are implausible.  Plaintiff has failed to explain how, in his role as a dishwasher, he knows what the annual gross sales volume of the enterprise was when he worked there.  And, if the enterprise produced more than $500,000 a year in sales, then Plaintiff has not alleged why it was apparently unable to pay him $8 per hour.  Plaintiff alleges also fails to allege any facts to support his conclusion that the enterprise engaged in interstate commerce.  In fact, he had not even alleged what business the enterprise engaged in.  Therefore, I find that Plaintiff has not adequately alleged an enterprise that was "engaged in commerce or the production of goods for commerce" or that he was employed by an enterprise engaged in such activity. In the absence of an adequate claim for relief under the FLSA, I see no reason why the Court should exercise its supplementary jurisdiction to grant relief on the Plaintiff's FMWA claim.

Lastly, judgment should not be entered against Liz Colicchio because Plaintiff has not complied with the requirements of the Servicemembers Civil Relief Act, 50 U.S.C. Appx. § 521.

### III. Recommendation

For these reasons, I respectfully recommend that the Court **deny** Plaintiff's motion for default judgment.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after

service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on May 29, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record